■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MARRERO, Appellant. [655 NYS2d 337] —Judgment, Supreme Court, Bronx County (Frank Diaz, J., at hearing; Joseph Cerbone, J., at plea and sentence), rendered November 17, 1994, convicting defendant of driving while intoxicated, and sentencing him to 5 years probation and a fine of $1,000, unanimously affirmed.

Defendant's valid waiver of his right to appeal forecloses all appellate review of his contention that his motion to suppress a Breathalyzer examination should have been granted (*People v Graham,* 220 AD2d 215), a claim which in the present circumstances is without merit in any event. Concur—Murphy, P. J., Sullivan, Rubin and Andrias, JJ.

■ EDYTHE M. TRAVELSTEAD, Respondent, v SAUL J. MARKS et al., Defendants, and RAFAEL KOBLENCE et al., Appellants. [655 NYS2d 337] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered February 5, 1996, in favor of plaintiff and against defendants-appellants on the issue of liability, and bringing up for review a prior order which struck defendants-appellants' answer as a sanction for contempt, unanimously affirmed, with costs.

The record shows that the individual defendant, in attempting to purge himself of contempt by testifying and producing the documentation demanded in the subpoena, admitted that he had lied about the reason for his nonproduction of critical documents at the hearing held on plaintiff's motion for an attachment and defendants' motion to quash the subpoena. Since the admission was on the face of the record, the documents in question were central to plaintiff's conversion claim, and defendant's failure to comply with the subpoena was not otherwise excusable, defendant waived his right to a hearing to contest the court's findings (*see, People v Henriques & Co.,* 267 NY 398, 403). We have considered defendants' remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rubin and Andrias, JJ.